IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FLORENCE R. ROBERTS; et al.                                    PLAINTIFFS

vs.                                                    No. 1:05CV38-D-D

FIRST FINANCIAL PLANNERS, INC.; et al.                        DEFENDANTS

OPINION DENYING MOTIONS TO DISMISS

Presently before the court are the Defendants' separate motions to dismiss. Upon due consideration, the court finds that the motions should be denied.

### A.  *Factual and Procedural Background*

The Plaintiffs filed this putative class action on January 31, 2005, on behalf of a group of individuals who purchased an investment product (named the "Insured Money Management Program") designed to protect the investors from losses in their invested principal for a period of five years. The Plaintiffs assert that the Defendants misrepresented the nature and financial viability of the investment product, and fraudulently concealed and misrepresented material facts regarding the insurance backing the investment product.

The Defendants have now filed separate motions to dismiss, seeking to have the Plaintiffs' claims against them dismissed for various reasons, including failure to state a claim upon which relief can be granted.

### B.  *Discussion*

#### 1.  Personal Jurisdiction

The Defendants IGIC Management Company and Bud Koyen (Koyen was President of IGIC), who are not Mississippi residents, assert that this court lacks personal jurisdiction over them. When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the

plaintiff bears the burden of establishing the district court's jurisdiction over the defendant.  Allred

v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997).  The plaintiff satisfies this burden by

presenting a prima facie case that the court may properly exercise personal jurisdiction over the

defendant under both the Mississippi long-arm statute and the due process principles of the

Fourteenth Amendment to the United States Constitution.  Allred, 117 F.3d at 281; Latshaw v.

Johnston, 167 F.3d 208, 211 (5th Cir. 1999).  In determining whether the plaintiff has met this

burden, the court must accept as true the uncontroverted allegations in the plaintiff's complaint and

must resolve all factual conflicts in favor of the plaintiff.  Latshaw, 167 F.3d at 211.

    In federal diversity actions, the reach of federal jurisdiction over non-resident defendants is

measured by a two-step inquiry.  First, the law of the forum state must provide for the assertion of

jurisdiction; second, the exercise of jurisdiction under state law must comport with the dictates of

the Fourteenth Amendment's due process clause.  Thompson v. Chrysler Motors Corp., 755 F.2d

1162, 1165 (5th Cir. 1985).

a.  Mississippi's Long Arm Statute

    Mississippi's long arm statute, codified at section 13-3-57 of the Mississippi Code, spells out

the circumstances under which Mississippi courts may properly exercise in personam jurisdiction.

Section 13-3-57 provides in pertinent part that "any non-resident person . . . who shall . . . commit

a tort in whole or in part in this state . . . shall by such act or acts be deemed to be doing business in

Mississippi [and therefore be subject to the jurisdiction of Mississippi's courts]."  Miss. Code Ann.

§ 13-3-57.

    In Mississippi, a tort is not considered complete until an injury has occurred; if the injury

occurs in the state, then the tort is committed, at least in part, in this state, and the exercise of in

2

personam jurisdiction of the nonresident tortfeasor is appropriate.  Allred, 117 F.3d at 282; Mize v.

Harvey Shapiro Enters., Inc., 714 F. Supp. 220, 222-23 (N.D. Miss. 1989).  Here, the Plaintiffs have

alleged that the subject Defendants traveled to Mississippi in connection with the investment

product, that the products were sold to Mississippi residents (including the named Plaintiff), and that

the Plaintiffs' injuries occurred here in Mississippi as a result of purchasing the products; thus, argue

the Plaintiffs, the Defendants committed torts in the State of Mississippi.

In accordance with the above-denoted authorities, the court finds that the Plaintiffs'

allegations are sufficient to establish a prima facie case of personal jurisdiction under the "tort"

prong of Mississippi's long-arm statute.  Thompson, 755 F.2d at 1168; Brown v. Flowers Indus.,

Inc., 688 F.2d 328, 333 (5th Cir. 1982).  The Plaintiffs have adequately alleged that they suffered

injury in this state as a result of the Defendants' actions.  Thus, pursuant to Mississippi's long-arm

statute, this court's exercise of personal jurisdiction is appropriate over the subject Defendants.

b.  Due Process and Personal Jurisdiction

Resolution of the issue regarding the reach of Mississippi's long-arm statute does not end the

court's inquiry, however.  The Due Process Clause of the Fourteenth Amendment permits the

exercise of personal jurisdiction over a nonresident defendant only when that defendant has

purposefully availed itself of the benefits and protections of the forum state by establishing

"minimum contacts" with the forum state such that the maintenance of the suit does not offend

"traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326

U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).

As for minimum contacts, it is not unfair to require a nonresident to defend itself in the courts

of the forum state if it engaged in activities that will "support an inference that the nonresident

defendant purposefully availed [itself] of the benefits of conducting business in the forum." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980); Thompson, 755 F.2d 1170; see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-74, 105 S.Ct. 2174, 85 L. Ed. 2d 528 (1985) (holding that "[w]here individuals 'purposefully derive benefit' from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed."). The defendant's contacts with the forum state, however, must be such that he "should reasonably anticipate being haled into court" in the forum state. World-Wide Volkswagen, 444 U.S. at 297.

The minimum contacts prong of the inquiry may be further subdivided into contacts that give rise to either "general" or "specific" jurisdiction over a nonresident defendant. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984). General jurisdiction applies where a defendant's activities in the state are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities. Helicopteros, 466 U.S. at 414.

When the exercise of general jurisdiction is inappropriate, as it appears to be here, a court may exercise specific jurisdiction if the suit "is related to or arises out of" the defendant's contacts with the forum state; even a single purposeful contact may be sufficient. Helicopteros, 466 U.S. at 414; Thompson, 755 F.2d at1172; Brown, 688 F.2d at 333-34. Likewise, an act done outside the state that has consequences within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the defendant knew that its acts would have an impact on the plaintiff

in the forum state or if it was highly likely that such effects would follow from the nonresident

defendant's conduct.  Calder v. Jones, 465 U.S. 783, 789-90, 104 S. Ct. 1482, 1487, 79 L. Ed. 2d

804 (1984).  The court now turns to the Plaintiffs' specific allegations concerning the Defendants'

activities in Mississippi.

The Plaintiffs assert that the Defendants traveled to Mississippi in order to attend a meeting

and reassure two financial advisors that the subject product was financially viable[1]; those advisors

subsequently recommended the product to their clients, including the named Plaintiff.  The Plaintiff

then purchased the financial product from her financial advisor here in Mississippi, and allegedly

suffered damages here as a result of the Defendants' conduct.

The court finds that such contacts qualify as the minimum contacts necessary to state a prima

facie case for personal jurisdiction.  Thompson, 755 F.2d at 1172.  Due to this finding, the court

must now evaluate the fairness of the exercise of personal jurisdiction over the Defendants and

ensure that it is reasonable to require the Defendants to defend this suit in Mississippi.  World-Wide

Volkswagen, 444 U.S. at 292.

Once it has been shown that a defendant has purposefully established adequate minimum

contacts within the forum state, the exercise of personal jurisdiction is deemed fair unless the

defendant presents a compelling case that the court's exercise of jurisdiction is unreasonable.  Burger

King, 471 U.S. at 477-78; Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc., 85 F.3d 201,

207 (5th Cir. 1996).  Moreover, if a defendant purposefully avails itself of the benefits and protection

of the forum state's laws by engaging in activity outside the state that bears reasonably foreseeable

---

[1]Those advisors, Leroy Nickels and Dennis Holliman of Columbus, both filed affidavits
stating that the meeting took place in Columbus, Mississippi.

consequences in the state, maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. Mississippi Interstate Express, Inc. v. Transpo, Inc., 681 F.2d 1003, 1007 (5th Cir. 1982).

Here, the court finds that its exercise of jurisdiction in this matter is neither unfair nor unreasonable. The Defendants have not shown that litigating this matter in Mississippi presents an unreasonable burden. Given the extent of their contacts with Mississippi in connection with the investment product that is the subject of this litigation, the Defendants could and should have reasonably foreseen being haled into Mississippi's courts.

In sum, the court concludes that the Plaintiffs have presented a prima facie case for personal jurisdiction and that the exercise of personal jurisdiction over the subject Defendants is constitutionally permissible. Therefore, the Defendants' motion to dismiss due to lack of personal jurisdiction shall be denied.

## 2. Other Motions to Dismiss

The Defendants IGIC, Koyen, Dorinco Reinsurance Company, First Financial Planners, Inc., FFP Advisory Services, Inc., and FFP Securities, Inc. have separately moved to dismiss the Plaintiffs' claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Considering only the pleadings in this action, and taking the facts alleged in the Plaintiffs' complaint as true, the court finds that the Defendants have failed to show that "it appears certain that the plaintiff[s] cannot prove any set of facts that would entitle [them] to the relief [they] seek." See C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1999). As such, the Defendants' motions to dismiss pursuant to Rule 12(b)(6) shall be denied.

In addition, one Defendant (Dorinco Reinsurance Company) has moved to dismiss the

Plaintiffs' claims pursuant to Rules 9(b) and 19 of the Federal Rules of Civil Procedure.  Rule 9(b)

states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake

shall be stated with particularity."  Fed. R. Civ. P. 9(b).  The Defendant asserts that the Plaintiffs'

allegations fail to meet this standard.

The court, upon detailed review of the Plaintiffs' complaint, finds that the complaint

complies with Rule 9.  The complaint is very detailed and comprises some 77 pages with 157

paragraphs.  With respect to the Defendant Dorinco, the complaint alleges, *inter alia*, that

> Dorinco and others conspired to sell the insured risk management program . . . by
> falsely representing the role of Dorinco Reinsurance Company in the program.  The
> Defendants falsely represented, for instance, that Dorinco had assumed fifty (50%)
> of the exposure for the product beginning with the first dollar of loss.

Complaint, para. 5.  See also Complaint, para. 6, 129.

While these are not the only accusations leveled directly against Dorinco, the Plaintiffs'

allegations, taken as a whole, are clearly sufficient allegations of intentional conduct by the

Defendant so as to render it potentially liable for fraud.  Further, the complaint sets forth, in detail,

the Plaintiffs' allegations that Dorinco participated in a fraudulent scheme and aided and abetted it

in concert with the other Defendants.  See Complaint, para. 6, 129.  In sum, the court holds that the

Defendant's assertion that the Plaintiffs' allegations of fraud fail to comply with Rule 9(b) is without

merit; the Plaintiffs have pled fraud with sufficient particularity so as to comply with Rule 9(b).

Finally, the Defendant Dorinco moves to dismiss the Plaintiffs' complaint for failure to join

an indispensable party under Rule 19.  Rule 19 provides that if a purportedly "indispensable" entity

has not been made a party to an action, a federal court may determine whether the action should

proceed with the current parties or be dismissed for failure to join the indispensable party.  Fed. R.

Civ. P. 19(b). The Defendant Dorinco alleges that the non-party Cumberland Casualty & Surety

Company (Cumberland), an insurer, is an indispensable party under Rule 19, and that the court

should dismiss this entire action because the Plaintiffs did not join Cumberland as a party.

As the Fifth Circuit and other federal courts have long made clear, however, alleged co-

conspirators in fraud actions are not indispensable parties and are not entities "whose absence from

a case will result in dismissal for non-joinder." Herpich v. Wallace, 430 F.2d 792, 817 (5th Cir.

1970) ("Rule 19 . . . was not meant to unsettle the well-established authority to the effect that joint

tortfeasors or coconspirators are not persons whose absence from a case will result in dismissal for

non-joinder."); Temple v. Synthes Corp., 498 U.S. 5, 7, 111 S.Ct. 315, 112 L. Ed. 2d 263 (1990) ("It

has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in

a single lawsuit . . ."). In light of this Supreme Court and Fifth Circuit authority, the court finds that

Dorinco's motion to dismiss based on the Plaintiffs' failure to join Cumberland Casualty & Surety

Company as a party-defendant in this case is without merit. Cumberland is not an indispensable

party and its absence from this case does not warrant dismissal of the entire case under Rule 19.

### C.  Conclusion

In sum, the court finds that the Plaintiffs have established that the court may exercise

personal jurisdiction over the Defendants IGIC Management Company and Bud Koyen, and that the

Plaintiffs have sufficiently alleged facts against all Defendants that prevent dismissal of the

Plaintiffs' claims under Rule 12(b)(6). In addition, the court finds that the Plaintiffs' complaint has

sufficiently pleaded fraud with particularity in accordance with Rule 9(b) and that the Plaintiffs' non-

joinder of Cumberland Casualty & Surety Company is not grounds for dismissal of this action under

Rule 19.  Thus, the court holds that the Defendants' motions to dismiss shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 30th day of January 2006.


/s/ Glen H. Davidson
Chief Judge